ACCEPTED
06-14-00194-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/21/2015 12:00:00 AM
DEBBIE AUTREY
CLERK

No. 06-14-00194-CR

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/21/2015 9:33:00 AM
DEBBIE AUTREY
Clerk

**Bennie Johnson,** *Appellant*

**v.**

**The State of Texas,** *State*

Appealed from the 102nd Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By: **Lauren N. Sutton**
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Texas Bar No. 24079421
**Attorneys for the State**

| Bennie Johnson, | § | Nos. 06-14-00194-CR |
| *Appellant* | § | |
| | § | |
| v. | § | |
| | § | |
| The State of Texas, | § | |
| *State* | § | BRIEF FOR THE STATE |
| | § | |

**Identity of the Parties**

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1. Defendant and Appellant:

   **Bennie Johnson**
   **Pro Se**
   TDCJ No. 1970053
   Mark w. Stiles Unite
   3060 FM 3514
   Beaumont, Tx 77705

2. Attorneys for Appellant on appeal:

   **Derric S. McFarland**
   816 Pine Street
   P.O. Box 1048
   Texarkana, TX 75501

3. Attorneys for Appellant at trial:

   **Mr. John Stroud**
   515 Main Street
   Texarkana, Texas 75501

4. Attorney for the State of Texas at trial:

   **Kelley Crisp**
   **Samantha Oglesby**
   Assistant District Attorneys
   Bowie County, Texas
   601 Main Street
   Texarkana, Texas 75501

5. Attorney for the State of Texas on appeal:

   **Lauren N. Richards**
   Assistant District Attorney
   Texas Bar No. 24079421
   601 Main Street
   Texarkana, Texas 75501
   Lauren.sutton@txkusa.org

6. Presiding Judge at trial:

   **The Honorable Bobby Lockhart**
   District Court Judge
   102nd Judicial District
   Bowie County, Texas
   Bi-State Justice Building
   100 North State Line Avenue
   Texarkana, Texas 75501

## Table of Contents

Identity of the Parties and Counsel .......................................................................i-ii

Table of Contents ................................................................................ iii

Index of Authorities ..............................................................................iv

Statement of the Case.............................................................................1

Reply to Points of Error ..........................................................................2

Argument.................................................................................. 3-13

    Reply to Point of Error Number One ............................................... 3-7
    *The evidence is legally sufficient to support Appellant's conviction*

    Reply to Points of Error Number Two and Three.......................... 8-13
    *The Appellant did not receive ineffective assistance of counsel*

Prayer for Relief..................................................................................14

Certificate of Compliance ......................................................................15

Certificate of Service ...........................................................................16

# Index of Authorities

## Cases

*Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007 ...............................4

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979)......................................................3,4

*Lopez v. State*, 343 S.W.3d 137 (Tex. Crim. App. 2011) ..........................................8

*Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997) ..........................................4

*Smith v. State*, 84 S.W.3d 38 (Tex. App.—Texarkana 2002, no pet.)......................9

*Strickland v. Washington*, 466 U.S. 668 (1984) ...................................................8,12

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999)......................................9

*Williams v. State*, 235 S.W.3d 742 (Tex. Crim. App. 2007) ....................................4

*Wong v. Belmontes*, 130 S Ct. 383 (2009) ..............................................................12

## Texas Penal Code

Tex. Penal Code § 22.021 .........................................................................................5

## Statement of the Case

Appellant, Bennie Johnson was found guilty of aggravated sexual assault. The jury assessed punishment at life sentences, to be served consecutively in the Texas Department of Criminal Justice- Institutional Division. The Judge sentenced the Appellant accordingly. The Appellant's court-appointed appellate attorney filed a Bfief in Support of Appellant Counsel's Motion to Withdraw (Anders Brief) on April 17, 2015. The Appellant then filed a brief, pro se appealing his conviction on three points of error.

# Reply to Points of Error

REPLY TO POINT OF ERROR NUMBER ONE:

The evidence presented at trial is legally sufficient to support the Appellant's conviction.

REPLY TO POINT OF ERROR NUMBER TWO AND THREE:

The Appellant did not receive ineffective assistance of counsel and was not prejudiced by his counsel's failure to object.

**Argument**

**<u>Reply to Points of Error One</u>**

*The evidence presented at trial is legally sufficient to support the Appellant's conviction.*

In his first point of error, the Appellant challenges the legal sufficiency of the evidence used to convict Appellant of aggravated sexual assault. Appellant argues that the testimony of the State's witnesses is insufficient to support his conviction. However, viewing the evidence presented at trial in the light most favorable to the verdict, it is clear that sufficient evidence was presented through the victim's testimony and the testimony of the other witnesses for the State from which a rational jury could have found beyond a reasonable doubt that the Appellant committed the offense of aggravated sexual assault.

**Argument and Authorities**

In reviewing the sufficiency of the evidence, this Court should apply the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). This standard requires a reviewing court to examine all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[1] This standard of review

---

[1] 443 U.S. 307, 319 (1979).

applies to cases involving both direct and circumstantial evidence.[2] The reviewing court should consider everything presented at trial but should not substitute their own judgment regarding the weight and credibility of the evidence for that of the fact finder.[3] Further, an appellate court presumes the fact finder resolved conflicting inferences in favor of the verdict, and defers to that determination.[4] The question is not whether the appellate court itself believes the defendant is guilty beyond a reasonable doubt, but whether viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[5]

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge.[6] The hypothetically correct jury charge sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.[7] In this case, Appellant committed aggravated sexual assault if he intentionally or knowingly caused the penetration of the sexual organ of the victim,

[2] *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).
[3] *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).
[4] *Clayton*, 235 S.W.3d at 778.
[5] *Jackson*, 443 U.S. at 318-19.
[6] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).
[7] *Malik v. State*, 953 S.W.2d at 240.

without her consent, and by acts or words, threatened to cause or place the victim in fear that death would be imminently inflicted on the victim.

## B. Application of Law to Facts

To prevail in a case of aggravated sexual assault, the State must prove beyond a reasonable doubt the defendant intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means without that person's consent, and by acts or words, places the victim in fear that death, serious bodily injury, or kidnapping will imminently inflicted upon any persons or, by acts or words occurring in the presence of the victim, threatens to cause the death, serious bodily injury, or kidnapping of any person.[8]

The Appellant argues the evidence is insufficient because the testimony of witnesses agree that the physical and medical evidence is inconsistent with the sexual assault. He also contends the DNA evidence presented at trial creates a reasonable doubt as to his conviction.

In this case, Investigator Daphne Stiles testified the victim's medical records did not have mention she suffered any injuries. (R.R. Vol. 8, p. 96). She also stated that based on her 27 years of experience in law enforcement, more times than not, there are not injuries and she has rarely seen one with injury that you can detect.

---

[8] Tex. Penal Code § 22.021

(R.R. Vol. 8, p. 97). Based on this, the lack of injury did not concern Mrs. Stiles. (R.R. Vol. 8, p. 97).

Kristy Link from the Texas DPS Crime Lab testified that analysis was performed of the sexual assault kit and buccal swabs from Bennie Johnson. (R.R. Vol. 8, p. 125). Mrs. Link testified that a comparison of the two DNA profiles developed for both the victim and the Appellant revealed that the epithelial cell fraction was consistent with a mixture from the victim and Bennie Johnson. (R.R. Vol. 8, p. 131). The sperm cell fraction was consistent with a mixture from Bennie Johnson, the victim, and an unknown individual. (R.R. Vol. 8, p. 131). The Appellant could not be excluded as the contributor of the major component of the profile. (R.R. Vol. 8, p. 131).

The victim testified that on June 26, 2012 she had left a party and a friend's apartment and was walking down Robison Road. (R.R. Vol. 8, p 143-44). A man in a black SUV offered her a ride and she recognized him so she accepted the ride. (R.R. Vol. 8, p. 144). The man stated he needed to make a stop before taking the victim on to her destination. (R.R. Vol. 8, p. 147). He then pulled into a lot, pulled out a gun, put it to her head, and demanded oral sex. (R.R. Vol. 8, p. 147). She jumped out of the truck, but the man chased and caught her, then threw her onto the ground. (R.R. Vol. 8, p. 148). At this point he held the gun to her head and she

6

was in fear of death. (R.R. Vol. 8, p. 149). The man then sexually assaulted the victim as she layed on the ground. (R.R. Vol. 8, p. 149).

A few days after the attack, the victim was shown a line-up and she identified the man who had sexually assaulted her (R.R. Vol. 8, p. 158). The victim also made an in-court identification of the Appellant as the man who had attacked her. (R.R. Vol. 8, p. 158).

The victim also testified that the morning of the attack she had sexual intercourse with her fiancé, Michael. (R.R. Vol. 8, p. 158).

A rational jury could find from the testimony given that the Appellant committed the offense of aggravated sexual assault.

## C. Conclusion

Viewing the evidence in a light most favorable to the verdict, this court can find that a rational jury could have found beyond a reasonable doubt the Appellant intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means without that person's consent, and by acts or words, places the victim in fear that death, serious bodily injury, or kidnapping will imminently inflicted upon any persons or, by acts or words occurring in the presence of the victim, threatens to cause the death, serious bodily injury, or kidnapping of any person.

For these reasons, Appellant's first point of error should be overruled.

7

## Reply to Point of Error Two & Three

*The Appellant did not receive ineffective assistance of counsel*

In points of error number two and three, Appellant argues his trial attorney rendered ineffective assistance of counsel because he pursued a trial strategy that allowed for the introduction of extraneous offenses to be introduced and for failing to investigate and further test DNA evidence. However, the Appellant has failed to show that counsels' performance was deficient and that he was prejudiced by his defense counsels alleged deficiencies.

## Argument and Authorities

### A. Standard of Review

To establish ineffective assistance of counsel, pursuant to the two-prong standard set out in *Strickland v. Washington*, Appellant must demonstrate that counsel's performance "fell below an objective standard of reasonableness" and that he was prejudiced as a result.[9] A claim of ineffective assistance of counsel must be firmly rooted in the record, with the record itself affirmatively demonstrating the alleged ineffectiveness.[10] Failure to make the required showing

---

[9] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[10] *Lopez v. State*, 343 S.W.3d 137, 142-43 (Tex. Crim. App. 2011)

8

of either deficient performance or sufficient prejudice defeats an ineffectiveness claim.[11]

## B. Application of Law to Facts

Appellant argues that his trial counsel's performance was deficient because it consisted of a trial strategy which allowed for the introduction of extraneous offenses at trial. "When facing a silent record as to defense counsel's strategy, the court will not speculate as to defense counsel's tactics or guess what the reasons might be for taking or not taking certain actions."[12]

During opening statements, the defense informed the jury that the Appellant's defense would be that the victim consented to the sexual activity. (R.R. Vol. 8, p. 16). The trial court informed defense counsel that his cross examination of Investigator Stiles could open the door to the extraneous offenses where other women claimed they were sexually assaulted by the Appellant. (R.R. Vol. 8, p. 139). The defense indicated they knew of the possibility, but that the Appellant was still going to take the witness stand and testify that the sex act with the victim was consensual. (R.R. Vol. 8, p. 139). Prior to taking the witness stand, the Appellant was admonished of his 5th Amendment rights:

THE COURT:     So you understand you do not have to testify unless you wish to?

---

[11] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
[12] *Smith v. State*, 84 S.W.3d 38, 42 (Tex. App.—Texarkana 2002, no pet.).

DEFENDANT:     Yes, sir.

THE COURT:     Let me ask you think: Are you going to be – do you wish to testify of your own free will and accord?

DEFENDANT:     Yes, sir.

THE COURT:     Let me ask this, John: What's been your advice to the defendant in this case as to whether or not he should testify or not?

DEFENSE COUNSEL:          Your Honor, with the defense, you know, Bennie's position throughout this whole case is that this was a consensual act, and I've told him, well if it's a consensual act, you're going to have to communicate that to the jury. It would either be through his statement to the police or looking them in eye in the courtroom and giving the nature of his defense. My advise to him is that if he wants to present that defense, the only plausible way to do it is through his testimony here in court; is that correct, Bennie?

DEFENDANT:     Yes, sir.

COURT:     Bennie, is that pretty well what he's told you?

DEFENDANT:     Yes, sir.

…

COURT:     Let me do this, while we're outside the presence of the jury. This was something we mentioned earlier before we brought the jury back. The jury is out now, and, again, John, I'm sure y'all have discussed the fact that by him

10

testifying to the, I guess, alleged consensual aspects of this, it could open the door for the other offense to come in. I can't say that with any certainty, but looks to the Court like that's what could happen.

DEFENSE COUNSEL: Judge, we are aware of the potential of the other women under the pseudonyms of … Dymond Harris and Ginger Zwick could be potential witnesses testifying that Bennie had allegedly raped them prior to this occurrence, and we are aware that this is out there.

(R.R. Vol. 8, p. 170).

Every indication in the record shows that the Appellant was putting for the defense of consent and was aware of what the possible repercussions would be of asserting that defense. With the addition of the DNA evidence during trial, the defense was extremely limited in the defensive strategies it would use. The Appellant has failed to show that his trial counsel's strategy was not a reasonable trial strategy.

As for the failure to 'investigate the alternative DNA', the Appellant has failed to show that such failure constitutes deficient performance. The fact that the victim testified she had consensual intercourse with her fiancé the morning of the assault accounts for the unknown contributor in the DNA analysis.

11

Because the record lacks any indication of Appellant's trial counsel's strategy as to the DNA evidence, it cannot be found that the representation rendered was deficient.

In addition, the Appellant has failed to sustain his burden of proof for an ineffective assistance of counsel claim in showing, by a preponderance of the evidence, that this failure prejudiced his defense. To establish prejudice, "a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[13]

*Strickland* places the burden on the defendant, not the State, to show a reasonable probability that the result would have been different, but for counsel's deficient performance.[14] For an ineffective assistance of counsel claim, Appellant must "affirmatively prove prejudice."[15]

Given the state of the evidence before the jury, this Court can conclude that Appellant was not prejudiced by counsel's defensive strategies.

**C. Conclusion**

Appellant has failed to meet either prong of the *Strickland* test to support a claim of ineffective assistance of counsel. The record reasonably supports a conclusion that defense counsel's performance was not deficient. Therefore,

---

[13]*Strickland v. Washington,* 466 U.S. 668 (1984).

[14] *Wong v. Belmontes*, 130 S Ct. 383, 386 (2009)(citing *Strickland*, 466 U.S. at 694).

[15] *Strickland*, 466 U.S. at 693.

counsels' performance did not fall below an objective standard of reasonableness. Appellant has also failed to affirmatively show that his trial counsels' alleged error caused prejudice.

For these reasons, Appellant's second and third points of error should be overruled.

## Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

**Respectfully Submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819


__/s/Lauren N. Sutton_____
By:   Lauren N. Sutton
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

**Attorneys for the State**

**Certificate of Compliance**

I, Lauren N. Sutton, certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellee's Brief contains 30,78 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

__/s/Lauren N. Sutton_____
**Lauren N. Sutton**

## Certificate of Service

I, Lauren N. Sutton, certify that I have served a true and correct copy of the foregoing Brief for the State upon Mr. Derric S. McFarland, Attorney for Appellant, on this the 21st day of September, 2015.


__/s/Lauren N. Sutton_____
**Lauren N. Sutton**